THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORAN NORTHROP,

                    Plaintiff,

        v.

SAILORS UNION OF THE PACIFIC,

                    Defendant.

CASE NO. C26-1554-JCC

ORDER

This matter comes before the Court on Plaintiff's motions to appoint *pro bono* counsel and for U.S. Marshal service of his complaint (Dkt. Nos. 6, 8). After thoroughly considering the relevant record, the Court GRANTS the request for service but DENIES the motion for appointment of counsel for the reasons explained herein.

As to the request for service, pursuant to Federal Rule of Procedure 4(c)(3): The Clerk of the Court is DIRECTED to notify Defendant (through its registered agent) of the commencement of this action and request a waiver of service of summons in accordance with Federal Rule of Civil Procedure 4(d) and 28 U.S.C. § 566(c). If Defendant declines to waive service, the Court will then order that it be done by the United States Marshals. If so, Defendant will be required to pay the full costs of such service. *See* Fed. R. Civ. P. 4(d)(2).

As to the motion to appoint *pro bono* counsel: This "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). This decision

ORDER
C26-1554-JCC
PAGE - 1

always rests with "the sound discretion of the trial court." *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). While a court may do so pursuant to 28 U.S.C. § 1915(e)(1),[1] it is limited to "exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (alteration in original) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). And here, the Court cannot find such circumstances.

In light of the EEOC's right-to-sue letter and other exhibits included in Plaintiff's complaint, (*see* Dkt. No. 5 at 8–36), the Court deems Plaintiff's likelihood of success moderate. Nevertheless, this case appears to present a straightforward employment discrimination matter. (*See generally id.*). And based on Plaintiff's filings to date, it would seem that Plaintiff is capable of articulating his claims (without the assistance of counsel). Thus, the appointment of counsel is not warranted at this time. Accordingly, the motion to appoint counsel is DENIED without prejudice.

DATED this 1st day of June 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915 does not actually authorize the Court to force a lawyer to take a case. Nor does the Court have staff attorneys standing by to represent *pro se* litigants. Instead, the Court may only "request" that an attorney represent an indigent litigant. 28 U.S.C. § 1915(e); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989) (holding that § 1915(e) authorizes "courts to ask but not compel lawyers to represent indigent litigants.")

ORDER
C26-1554-JCC
PAGE - 2