THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORAN NORTHROP, | CASE NO. C26-1554-JCC |
| Plaintiff, | ORDER |
| v. | |
| SAILORS UNION OF THE PACIFIC, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for a protective order. (Dkt. No. 20.) In general, the party seeking to limit discovery has the burden of proving "good cause." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). And Plaintiff cites no authority for the relief he seeks— barring defense counsel from contacting Plaintiff (as a *pro se* litigating) by telephone. (*See generally id.*) Nor is the Court aware of any. Frankly, such a proposition would be unworkable in diligently resolving a case. The Court is vested with broad discretion in determining whether such an order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Phillips ex rel. Estate of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002). Here it finds such relief unwarranted. Thus, Plaintiff's motion (Dkt. No. 20) is DENIED.

The Court further notes that, before it would consider issuing such an order, the movant must first meet and confer with opposing counsel either telephonically or in person. *See* Fed. R.

ORDER
C26-1554-JCC
PAGE - 1

Civ. P 26(c)(1); LCR 26(c)(1). Despite his *pro se* status, Plaintiff "must follow the same rules of procedure that govern other litigants." *Baker v. Bell*, 668 F. App'x 703 (9th Cir. 2016) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

So ORDERED this 10th day of July 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C26-1554-JCC
PAGE - 2